**COYLE LAW GROUP LLP**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
(973) 370-0592
jcoyle@coylelawgroup.com
John D. Coyle 029632001
Jesse C. Morris 038262007
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARA PARKER,<br><br>                           Plaintiff,<br><br>v.<br><br>MOUNT SINAI HOSPITAL ICAHN<br>SCHOOL OF MEDICINE,<br><br>                           Defendant. | Civil Action No. 2:22-cv-6159<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT WITH JURY DEMAND** |

1.      This action seeks redress for the willful, wanton, and intentional violation of the civil rights of an employee who has dedicated her life to the wellbeing of others through her work at Mount Sinai Hospital Icahn School of Medicine.

2.      Throughout the COVID-19 pandemic, Plaintiff Tara Parker, employed by Defendant Mount Sinai Hospital Icahn School of Medicine ("Mount Sinai"), placed her vocation as a nurse practitioner and Clinical Program Manager above all else.

3.      Despite her service, the administration, and attorneys for Mount Sinai turned its back on this loyal employee: first agreeing to accommodate Ms. Parker and then rescinding that accommodation, then placing her on unpaid leave, and ultimately firing her in a knowing and willful violation of controlling state and federal law.

4.      This action is the result of institutional discrimination against personnel with certain deeply held religious beliefs and punishing them for attempting to defend these beliefs. It seeks injunctive relief for Plaintiff and all others similarly situated under the New Jersey Law Against

Discrimination, N.J.S.A. 10:5-1 to -49. ("NJLAD") and Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2, *et seq*. ("TITLE VII").

5.      This matter is <u>not</u> about whether vaccines 'work.' This case is <u>not</u> about whether private companies, like Defendant Mount Sinai can impose vaccine mandates; they can.

6.      This case is concerned with the fact that any private or government vaccine mandate must still comply with state and federal law regarding exemptions.

7.      As the United States Equal Employment Opportunity Commission ("EEOC") made clear[1]:

> Note: Court decisions upholding or rejecting federal vaccination requirements do not affect any statements made in this publication regarding employer and employee rights and responsibilities under the equal employment opportunity laws with respect to employers that require COVID-19 vaccinations.

8.      That is the heart of this matter: Defendant Mount Sinai's willful and systematic violation of employer responsibilities and employee rights with respect to its COVID-19 vaccine requirement.

9.      Defendant imposed a condition of employment that required Plaintiff to forgo sincerely held religious beliefs in violation of the NJLAD and TITLE VII.

10.      Specifically, when Plaintiff submitted a request for exemption from the mandatory COVID-19 policy, Defendant Mount Sinai rejected her request based on a department of health order from *New York City* where Plaintiff lives and works in *New Jersey*.

---

[1] https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

11.     Specifically, Defendant Mount Sinai responded to Ms. Parker's request under New Jersey law that it is required to apply New York City law to an employee like her who only works in New Jersey "because it is a New York based hospital."

12.     From a legal perspective, that might be one of the most absurd positions articulated.

13.     Under Defendant Mount Sinai's reasoning, there is some form of self-selected preemption. Because it is a "New York based hospital," New York City regulations preempt the laws of any other state where it maintains employees.

14.     By self-determining that it is a "New York based hospital," Defendant Mount Sinai believes that it is able to deny employees who live and work in New Jersey the protection of New Jersey law.

15.     Plaintiff Tara Parker is a licensed professional in the state of New Jersey.

16.     And yet, according to Defendant Mount Sinai, a New Jersey licensed medical professional, who lives in New Jersey, and works entirely in New Jersey, is not subject to New Jersey law.

17.     Even though Plaintiff Parker does not work in New York, Defendant Mount Sinai believes it can impose on her a work requirement for New York city workers.

18.     Under Defendant Mount Sinai's reasoning, American factory workers who work in Tennessee for BMW are not subject to Tennessee laws on workers compensation, unemployment, minimum wages because BMW is a Germany-based company. The factory employing them in Tennessee would not need to follow Tennessee law.

19.     This absurd legal pretext was then used by Defendant Mount Sinai to discriminate against Ms. Parker and then terminate her.

20.   As discussed in greater detail below, the NJLAD and TITLE VII---the laws actually applicable to Ms. Parker—required Mount Sinai to engage in a *bona fide* interactive process to determine if Plaintiff could perform the essential functions of her job with an accommodation.

21.   Mount Sinai refused to conduct this good faith investigation in flagrant disregard for the NJLAD and TITLE VII.

22.   Mount Sinai has taken the following illegal and flagrantly discriminatory positions:

   a.   First, it refused to accommodate Plaintiff; and

   b.   Second, it refused to engage in an interactive process with Plaintiff to determine if there was an accommodation acceptable to both parties.

23.   However, unvaccinated personnel in hundreds of facilities have been safely performing the essential functions of their job without being vaccinated with the accommodations of masking and routine testing - which is the exact same accommodation New Jersey Governor Murphy in his Executive Order 283 <u>put in place for healthcare workers with direct patient contact in hospitals</u>:

> The policies adopted by covered settings pursuant to this Order must provide appropriate accommodations, to the extent required by federal and/or state law, for employees who request and receive an exemption from vaccination because of a disability, medical condition, or sincerely held religious belief, practice, or observance. The policies adopted by covered settings pursuant to this Order must require covered workers that receive an exemption pursuant to this paragraph to continue weekly or twice weekly testing as required by Executive Order No. 252 (2021).

24.   While that Executive Order requires healthcare workers to be vaccinated and requires their employers to comply with discrimination laws and accommodations, there was no similar mandate imposed on private employers like Mount Sinai.

25.   This action arises because Mount Sinai has elected to violate the NJLAD and TITLE VII with respect to the enforcement of the vaccine mandate.

26.     When Mount Sinai denied Plaintiff's requests for exemption and accommodation, it did so because of a New York Department of Health ruling.

27.     For clarification, New Jersey law applies to employees like Plaintiff, who live and work in New Jersey.

28.     The COVID-19 pandemic has placed great strains on all of us. Most people across this great nation and state stood together, but not the administration of Mount Sinai. Mount Sinai instead used COVID-19 as a pretext to violate its most basic legal obligations to Plaintiff.

29.     This Complaint seeks to hold Mount Sinai accountable for its flagrant religious discrimination, refusal to accommodate, and retaliation.

## PARTIES AND JURISDICTION

30.     Defendant is an integrated health care system with eight (8) campuses in the New York City metropolitan area, as well as numerous ambulatory care and health centers in the region, including where Plaintiff worked: the health center located at 400 Jefferson Park, Whippany, NJ.

31.     Plaintiff Tara Parker, a former Clinical Program Manager Nurse Practitioner, is a resident of the town of Hackettstown in Warren County, New Jersey. On January 7, 2022, the EEOC issued a Notice of Right to Sue in the matter *Tara Parker v. Mount Sinai Hospital Icahn School of Medicine*, Charge No. 17E-2022-000119. A copy of which is attached hereto as Exhibit A.

32.     This Complaint is filed within ninety (90) days of the Notices of Right to Sue.

33.     As set forth herein, this Complaint brings claims under Title VII of the Civil Rights Act.

34.     Therefore, pursuant to 28 U.S.C. §1331, this Court has original subject matter jurisdiction over this matter.

35.     Plaintiff is employed in Morris County, properly venued in the District Court seated in Newark.

## FACTUAL HISTORY

### The COVID-19 Policy & Rejection

36.     Like all health care facilities at the onset of the pandemic, Mount Sinai was forced to observe the highest level of COVID-19 safety possible while still providing care to those who urgently needed it. This included asking some employees to work virtually and requiring on-site employees to test regularly and wear protective equipment. It remained this way for over a year.

37.     During early September 2021, Mount Sinai sent a company-wide request that employees receive at least one (1) shot of an approved COVID-19 vaccine; otherwise, unvaccinated employees without an exemption would be terminated.

38.     On or about September 20, 2021, Plaintiff submitted a request for religious exemption from the COVID-19 vaccine mandate to Mount Sinai's Human Resources Department.

39.     On September 22, 2021, Defendant reached out to Plaintiff informing her that her request for religious exemption was under review and that she would need to agree to weekly COVID-19 testing while waiting for a final determination, which she did.

40.     On October 1, 2021 Defendant informed Plaintiff that she would be allowed to work remotely out of respect for her religious beliefs.

41.     However, on November 29, 2021, Defendant Mount Sinai rescinded their accommodation and placed Ms. Parker on unpaid leave. Representatives for Defendant told Ms. Parker that she would need to be vaccinated by December 6, 2021 or be terminated – all this despite agreeing to accommodate her merely sixty (60) days prior.

42.     Faced with the decision to lose the job she loved dearly or violate her sincerely held religious beliefs, Plaintiff chose the former and was fired from Defendant Mount Sinai on December 6, 2021 for placing her faith above her employment.

43.    Defendant Mount Sinai then doubled-down on their illegal retaliation against Ms. Parker by falsely stating under oath that Ms. Parker had not been terminated.

44.    Defendant Mount Sinai illegally misrepresented to the New Jersey Division of Unemployment that Ms. Parker to this day remains on approved unpaid leave.

45.    Thus, Defendant Mount Sinai illegally denied Ms. Parker's request for exemption and accommodation, told her she would be fired on December 6, 2021 if she did not get vaccinated, then actually and/or constructively terminated Ms. Parker.  Then illegally retaliated against her for seeking a religious exemption by falsely representing that this termination was actually Mount Sinai <u>granting</u> Ms. Parker's request for unpaid leave.

46.    The clear purpose of this false representation was to further inflict financial hardship on Ms. Parker for asserting her Constitutionally protected rights.  The financial repercussions continue to this day.

47.    Throughout this time, Plaintiff continued masking, testing, and respecting social distancing guidelines. When asked to work remotely, Plaintiff did so without complaint. Yet, somehow in the space of sixty (60) days, Defendant Mount Sinai went from supporting its employee's religious needs to deciding she could not perform her job adequately and effectively while working remotely and retaliating against her.

48.    Ironically, "Mount Sinai" is the name of the mountain in the bible where the Ten Commandments were given to Moses.  Defendant Mount Sinai makes a mockery of the religious heritage of its name by illegally discriminating against Ms. Parker's religious beliefs and retaliating against her for seeking a religious exemption.

## COUNT I:

## VIOLATION OF NJLAD: RELIGIOUS DISCRIMINATION

49.      Plaintiff repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

50.      The NJLAD prescribed requirements that Defendant Mount Sinai was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

51.      The NJLAD prohibits an employer, such as Defendant Mount Sinai, from retaliating against an employee who asserts their protected rights under the NJLAD.

52.      The NJLAD protects the rights of persons with sincerely held religious beliefs.

53.      Defendant Mount Sinai wrongfully denied requests for religious exemption as supposedly not meeting the standard for exemption, in violation of the NJLAD.

54.      The NJLAD prohibits Defendant Mount Sinai from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

55.      Upon receipt of the requests for religious exemption from Plaintiff, Mount Sinai terminated Plaintiff as an employee.

56.      Further, as set forth above, Defendant Mount Sinai retaliated against Plaintiff by falsely stating to Unemployment that Plaintiff was merely on unpaid leave that she requested.

57.      By terminating Plaintiff's employment, Defendant Mount Sinai retaliated against her in violation of the NJLAD.

58.      By making false statements about not terminating Ms. Parker's employment, Defendant Mount Sinai retaliated against her in violation of the NJLAD.

59.      As a result, Plaintiff was damaged.

8

**WHEREFORE:** Plaintiff demands entry of a judgment awarding:

    a.      Compensatory damages;

    b.      Punitive damages;

    c.      Attorneys' fees and costs of suit; and

    d.      Such other relief as the Court may deem proper and just.

## COUNT II:

## VIOLATION OF NJLAD: FAILURE TO ACCOMMODATE

60.    Plaintiff repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

61.    The NJLAD provides that Defendant Mount Sinai <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

62.    The NJLAD requires Defendant Mount Sinai to make a *bona fide* effort to reach an accommodation for employees who seek exemption.

63.    Defendant Mount Sinai did not make a *bona fide* effort to reach an accommodation for Plaintiff.

64.    The NJLAD provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

65.    The NJLAD provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you

with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

66.     Plaintiff was able to perform the essential functions of her job without an undue hardship to Mount Sinai.

67.     Plaintiff was able to perform the essential functions of her job without putting the public at risk.

68.     By refusing to provide accommodations, Defendant Mount Sinai violated the NJLAD.

69.     As a result, Plaintiff was damaged.

**WHEREFORE:** Plaintiff demands entry of a judgment awarding:

a.      Compensatory damages;

b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.

## COUNT III:

## VIOLATION OF TITLE VII: FAILURE TO ACCOMMODATE

70.     Plaintiff repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

71.     TITLE VII provides that Defendant Mount Sinai <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do her job, unless doing so would impose an undue burden on their operations.

72.     TITLE VII requires Defendant Mount Sinai to make a *bona fide* effort to reach an accommodation for employees who seek exemption.

73.    Defendant Mount Sinai did not make a *bona fide* effort to reach an accommodation for Plaintiff.

74.    TITLE VII provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

75.    TITLE VII provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

76.    Plaintiff was able to perform the essential functions of her job without an undue hardship to Defendant Mount Sinai.

77.    Plaintiff was able to perform the essential functions of her job without putting the public at risk.

78.    By refusing to provide accommodations, Defendant Mount Sinai violated TITLE VII.

79.    As a result, Plaintiff was damaged.

**WHEREFORE:** Plaintiff demands entry of a judgment awarding:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys' fees and costs of suit; and

    d.    Such other relief as the Court may deem proper and just.

## COUNT IV:

## VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION

80.    Plaintiff repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

81.    TITLE VII prescribed requirements that Defendant Mount Sinai was required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

82.    TITLE VII prohibits an employer, such as Defendant Mount Sinai, from retaliating against an employee who asserts their protected rights under TITLE VII.

83.    TITLE VII protects the rights of persons with sincerely held religious beliefs.

84.    TITLE VII prohibits Defendant Mount Sinai from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

85.    Upon receipt of a request for religious exemption from Plaintiff, Mount Sinai terminated Plaintiff as an employee.

86.    Further, as set forth above, Defendant Mount Sinai retaliated against Plaintiff by falsely stating to Unemployment that Plaintiff was merely on unpaid leave that she requested.

87.    By terminating Plaintiff's employment, Defendant Mount Sinai retaliated against her in violation of the TITLE VII.

88.    By making false statements about not terminating Ms. Parker's employment, Defendant Mount Sinai retaliated against her in violation of TITLE VII.

89.    As a result, Plaintiff was damaged.

**WHEREFORE:** Plaintiff demands entry of a judgment awarding:

      a.      Compensatory damages;

      b.      Punitive damages;

c.      Attorneys' fees and costs of suit; and

d.      Such other relief as the Court may deem proper and just.

## COUNT V:

## DECLARATORY JUDGMENT

90.     Plaintiff repeats and realleges the allegations contained in the prior sections as if fully set forth herein.

91.     NJLAD and TITLE VII provided for injunctive relief to prevent future violations.

92.     Plaintiff is legally entitled to a declaratory judgment that Defendant Mount Sinai violated the NJLAD and TITLE VII and that an injunction should issue requiring Defendant Mount Sinai to comply with the NJLAD and TITLE VII regarding religious exemptions and accommodations.

**WHEREFORE:** Plaintiff demands entry of a judgment awarding:

a.      Injunctive relief as set forth herein;

b.      Attorneys' fees and costs of suit; and

c.      Such other relief as the Court may deem proper and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

**Dated: October 19, 2022**                    **Attorneys for Plaintiff**

By:    *s/ John D. Coyle*

**COYLE LAW GROUP LLP**
John D. Coyle, Esq. (0296362001)
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel. (973) 370-0592
jcoyle@coylelawgroup.com

# Exhibit A

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: **Tara Parker** | From: **Philadelphia District Office** |
|---|---|
| **513 Faulkner Drive** | **801 Market St, Suite 1000** |
| **Hackettstown, NJ 07840** | **Philadelphia, PA 19107** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17E-2022-00119** | **Damon Johnson,** | **(267) 589-9722** |
| | **State, Local & Tribal Program Manager** | |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen
McDonough  008/29/2022

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:

For Respondent:
**Danielle Tyson**
**Human Resources Manager**
**Mount Sinai Hospital Icahn School of Medicine**
**One Gustave Levy Place**
**NY, NY 10029**

For Charging Party:
**John D. Coyle**
**Coyle Law Group LLP**
**55 Madison Avenue, Suite 400**
**Morristown, NJ 07960**